IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 6:22-cr-00008-NKM |
| v. | : | U.S. District Judge Moon |
| AMANDA MANN | : | CHARGE: 18 U.S.C. § 641 |

**AMANDA MANN'S SENTENCING MEMORANDUM**

AND NOW, comes the Defendant, Amanda Mann, by her attorney Monica D. Cliatt, Esquire, of the Federal Public Defender's Office, and files this Sentencing Memorandum respectfully requesting a sentence of probation and home detention.

I. INTRODUCTION

Amanda Mann is a mother dedicated to ensuring the safety and well-being of her child. She is his primary caregiver, taking off work for three years to provide for him after his diabetes diagnosis. In fact, the actions she took that lead to these proceedings were done in an effort to help her son. Since 2014 Ms. Mann has relied on the Supplemental Security Income (SSI) benefits to take care of her child and his many needs that result from his diabetes. When she was informed that these benefits would be greatly reduced based on a change in household income, she worried about how she would continue providing for him. As she describes it, she viewed her efforts as a last resort and felt in that moment that if she did not take action her child would die.

1

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Ms. Mann misappropriated the money of the Social Security Administration (SSA), beginning around September 1, 2017 and ending around September 30, 2021. OIG Rep. pg. 2. Ms. Mann's son was born with type one diabetes in 2012, and she applied for disability benefits for him in July 2014 in order to help take care of him. Gov't Ex. 1. Ms. Mann reported that her son's father began living in the household as of May 2, 2015. Gov't Ex. 3. As a result, on July 28, 2015 Ms. Mann was informed that her son's monthly SSI payment would be reduced because of an increase of other income. Gov't Ex. 5. She reported her husband's income from 2014–2017, and stopped reporting in 2018, 2019, 2020, and a portion of 2021. However, she lived with her husband until May 2019, when she moved in with her boyfriend until October 2021 when she moved back home.

The case was referred to the Office of the Inspector General for the SSA, and they investigated the allegations against Ms. Mann. Upon interviewing Ms. Mann, she eventually revealed her living situation, stated her willingness to cooperate, and expressed that she did not want her son to lose his Medicaid coverage. OIG Rep. pg. 8.

On April 26, 2022 Ms. Mann signed a waiver of indictment, consenting for prosecution by information. Doc. No. 5. That same day Ms. Mann signed a plea agreement, pleading guilty to one count of "theft of government funds, in violation of 18 U.S.C. § 641." Doc. No. 7.

III.  SENTENCING REQUEST

Here the parties have agreed to apply the 2018 edition of the United States Sentencing Guidelines for guideline calculations regarding Ms. Mann's offense(s). Both parties agree that Ms. Mann's conduct constitutes a base offense level of 6 pursuant to U.S.S.G. § 2B1.1(a)(2), and that pursuant to U.S.S.G. § 2B1.1(b)(1)(C) the offense level increases by four. Further, because Ms. Mann has accepted responsibility for her conduct there should be a two level reduction to the offense level pursuant to U.S.S.G. § 3E.1.1(b). Therefore, the overall offense level is 8.

Examining Ms. Mann's criminal history, the presentence report states that she has a criminal history category of III. We do not challenge this finding.

Examining these factors, the sentencing guideline range is six to twelve months. The defense seeks a sentence of home detention. The applicable guideline range falls within Zone B of the sentencing chart. U.S.S.G. Ch. 5 Pt. A. Zone B allows the minimum term to be satisfied by "a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment." U.S.S.G. § 5C1.1(c)(3). This must be in accordance with the schedule where one day of home detention is equal to one day of imprisonment. U.S.S.G. § 5C1.1(e)(3).

As for restitution, Ms. Mann objects to the current calculation for restitution of $31,578.22. This number was reached by combining the total monthly amount awarded to Zackary Mann by the Social Security Administration from September 2017 to October 2021. However, the SSA took out a certain amount of money from

3

this initial sum each year because of overpayments. This means the amount Ms. Mann got on her son's behalf was less than what was initially awarded. In addition, the Office of the Inspector General's report stated that the offense took place between September 2017 and September 2021. Therefore, October 2021 should not be considered when calculating restitution.

Taking these factors into account, the correct calculation for restitution is $27,266.92. This amount is calculated by adding the actual amount the SSA deposited into Ms. Mann's bank account each month from September 2017 through September 2021.[1]

The defense requests the low end of the guideline range, six months, and ask that this term be satisfied by a combination of probation and home detention. Defense also requests that the restitution amount be reduced to $27,266.92, the actual amount Ms. Mann received from the SSA.

IV. LEGAL STANDARD

When imposing a sentence, this court is required by *United States v. Gall*, 552 U.S. 38, 49–50 (2007) to consider the factors in 18 U.S.C. § 3553(a). *Id.* After the decision in *United States v. Booker*, the U.S. Sentencing Guidelines are now advisory and courts should not place limitations "'on the information concerning the background, character, and conduct of a person convicted of an offense'" which could be considered for sentencing purposes. *United States v. Booker*, 543 U.S. 220, 268 (2006) (quoting 18 U.S.C. § 3661).

---

[1] These amounts were pulled from the compilation of Ms. Mann's bank records made by the Government as part of their discovery. These ranged from September 2017 to September 2021.

4

V. 18 U.S.C. 3553(A) FACTORS FOR CONSIDERATION:

   A. <u>Nature of the Offense</u>

Ms. Mann was discovered by the SSA to have provided misleading facts with regards to her living situation and overall household income in order to keep her son's SSI benefits. In an effort to continue receiving the funds to help pay for her son's living expenses, Ms. Mann stopped reporting her husband's income. The defense has calculated that the SSA paid Ms. Mann $27,226.92 during the time of the offense.

It is important to note that, although these misleading statements lead to more benefits than her son was entitled to, these were benefits that he was eligible for based on his health conditions and the initial household income when Ms. Mann first applied for the benefits.

   B. <u>History and Characteristics of Ms. Mann</u>

Ms. Mann has been the primary care provider for her son since his birth in 2012. He was born after only 26 weeks, and has dealt with health problems since then. After he was diagnosed with type one diabetes she took off work for three years to ensure he was taken care of. This meant that the household income that could be used to help her son was diminished during that time. Based on the high prices for coverage, she knew she needed assistance, which lead to the application for SSI benefits. When she was informed that her son would no longer get his benefits after her husband moved in, she became increasingly worried that she would no longer be able to take care of him and his needs. Worried and desperate,

5

she stopped reporting her husband's income. In that moment she felt it was a choice between not reporting the income or burying her child. This was her frame of mind when these actions were taken. She admits her wrongdoing and is taking responsibility for the actions that brought her here.

Going forward, Ms. Mann is still the only person in her family who has the requisite knowledge and time to take care of her son Zackary. She knows his doctors and medication, and consistently goes to his school events and medical appointments. Her husband works from about 7 am to 7 pm and does not have time to take care of Zackary. Her eldest daughter is 17, but has no driver's license and has plans for after graduation that would prevent her from truly taking care of Zackary. Ms. Mann is the only person available to her son. It is important that she gets a sentence that would allow her to continue taking care of Zackary in the future.

    C. <u>Sentencing Guideline Range</u>

As stated above, there is an offense level of 8 and a criminal history category of III. As such, the applicable guideline range for Ms. Mann is six to twelve months. Based on Ms. Mann's criminal history and actions in the current case, a sentence of probation with home detention is appropriate to achieve the goals of sentencing. The Sentencing Guidelines state that probation can be an alternative to imprisonment so long as "the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for law, providing just punishment for the offense, achieving general deterrence,

and protecting the public from further crimes by the defendant." U.S.S.G. § 5 Part B, Introductory Comment. The Guidelines also state that "[h]ome detention may be imposed as a condition of probation…but only as a substitute for imprisonment." U.S.S.G. § 5F1.2.

Here, the applicable guideline range allows for a sentence of probation with a condition requiring six months of home confinement to satisfy the minimum term of imprisonment.

      D. <u>Sentencing Commission Policy Statements</u>

In Section 5H1.6 of the 2018 Sentencing Guidelines, the Sentencing Commission discussed how family ties and responsibilities can factor into sentencing determinations.[2] Here, Ms. Mann has a child with a medical condition, and she has been the primary caretaker his entire life. No one else in her family is able to fully take care of Zackary Mann. She is the only person who has the time and requisite knowledge to ensure her son gets to all of his medical appointments and school functions. If this court were to sentence her to any amount of imprisonment, she would not be able to care for her child and his many needs. A sentence of probation with six months of home detention would allow her to continue her responsibilities to her family while still answering for her actions, thus achieving the goals of sentencing.

---

[2] While the Commission states that these are not often relevant for arguments of departure, for the current case we are not seeking a departure from the applicable guideline range. Instead, we are seeking a sentence on the low end of this range.

7

## VI. CONCLUSION

For the reasons stated above, Amanda Mann requests that this Court impose a sentence of probation with a condition requiring six months of home detention.

Respectfully submitted,

/s/Monica D. Cliatt
First Assistant Federal Public Defender
PA Atty ID. No. 84848
210 First Street, SW, Suite 400
Roanoke, VA 24011
Tel: (540) 777-0880
Fax: (540) 777-0890
monica_cliatt@fd.org

Shannon McGrath
Certified Legal Intern
shannon_mcgrath@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Office of the United States Attorney this 26th day of July, 2022.